**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JOSE GREGORIO ALVAREZ FIALLOS,

Petitioner,

v. Case No. 3:26-cv-2287-WWB-LLL

WARDEN, NORTH FLORIDA
DETENTION FACILITY, et al.,

Respondents.

---

# ORDER

Petitioner initiated this action by filing a pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. 1; Doc. 3 at 1–5). He has also filed an Emergency Motion for Temporary Restraining Order ("**Motion TRO**"). (Doc. 3 at 8–12).[1] Immigration and Customs Enforcement ("**ICE**") is currently detaining Petitioner at North Florida Detention Facility. (Doc. 1 at 1).

In the Petition, Petitioner seemingly attempts to raise two grounds for relief, both of which ask the Court to review the legality of his detention. He requests the Court to determine whether his detention complies with the Constitution and applicable immigration statutes (Count I); and whether his detention is authorized by law (Count II). (Doc. 3 at 1–5).

Federal courts may grant the writ where any petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C.

[1] The Clerk filed part of the Petition and the Motion to TRO in the same docket entry. (Doc. 3).

§ 2241(c)(3). And the sole federal remedy and purpose of the writ of habeas corpus is for prisoners or detainees to challenge the "fact or duration" of their confinement and seek relief in the form of immediate or expedited release from custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Here, Petitioner has not alleged sufficient facts to establish a claim under § 2241. Indeed, he does not claim Respondents violated a particular constitutional or federally protected right, and his allegations are conclusory in nature and devoid of any information that would allow the Court to draw reasonable inferences that Respondents violated his rights. Although Petitioner may seek to couch his claims as due process challenges, he makes no allegations of how he was denied due process but rather asks the Court to conduct a wholesale review of the lawfulness of his detention without ever actually alleging his detention is illegal. As a result, the Petition is dismissed without prejudice to Petitioner's right to refile a § 2241 petition that clearly sets forth allegations about how his detention allegedly violates the Constitution and sets forth relief that is cognizable under § 2241.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.
2. Petitioner's Emergency Motion for Temporary Restraining Order (Doc. 3 at 8-12) is **DENIED as moot**.
3. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on September 3, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7

C: Jose Gregorio Alvarez Fiallos, A088967359